UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT WILSON and ERIC McNEAL, individually and on behalf of all similarly situated individuals,

Plaintiffs,

v.

MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation,

Defendant.

Case No. C14-789RSL

ORDER ON STIPULATED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE

This matter comes before the Court on the parties' "Stipulated Motion for Approval of Settlement Agreements and Dismissal with Prejudice." Dkt. # 120. Having considered the parties' motion and exhibits, along with the remainder of the record, the Court declines to review the parties' individual settlement agreements for the reasons that follow, without prejudice to the plaintiffs' voluntary dismissal of their individual claims under the Fair Labor Standards Act.

Plaintiffs initiated this suit for unpaid overtime wages as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Dkt. # 1. The Court granted plaintiffs' motion for conditional certification of a collective action under 29 U.S.C. § 216(b) in December 2014. Dkt. # 53. In April 2017, following the close of discovery, the Court granted the parties' stipulated motion to decertify the plaintiffs' collective action and withdraw their class claims, in which the parties stated that they had reached a global settlement for all plaintiffs and opt-in

ORDER ON STIPULATED MOTION FOR
APPROVAL OF SETTLEMENT AGREEMENTS - 1

plaintiffs on an individual basis. Dkt. # 116.

On June 9, 2017, plaintiffs filed this stipulated motion for approval of all plaintiffs' individual settlement agreements, and for dismissal with prejudice. Dkt. # 120. Plaintiffs argue that because the settlement agreements involve the settlement and release of claims under the Fair Labor Standards Act, the parties must submit their proposed agreements to the Court for its examination and determination whether those agreements represent "a fair and reasonable resolution of a bona fide dispute." Only after this review, plaintiffs argue, can the Court enter an order dismissing the lawsuit with prejudice and permitting plaintiffs' release of their wage and hour claims.

Because plaintiffs have decertified their collective action and reached settlement agreements on an individual basis, however, the Court need not review those agreements for fairness and reasonableness. It is true, of course, that under Fed. R. Civ. P. 23(e) the Court has a responsibility to review a proposed class action settlement to determine whether the settlement is "fundamentally fair, adequate, and reasonable." Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003). But this responsibility, which protects the rights of class members whose interests "may not be given due regard by the negotiating parties," does not extend to the context of individual settlement agreements, where each plaintiff may be consulted individually so as to vindicate her particular interests. Id. at 959–60.

Plaintiffs ask the Court to adopt the rule announced by the Eleventh Circuit in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), that proposed collective action settlements of FLSA wage claims under 29 U.S.C. § 216(b) must be reviewed for fairness and approved by the district court. Id. at 1353. The Eleventh Circuit has applied that rule equally in the context of individual settlements of FLSA wage claims. See Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1305–06 (11th Cir. 2013) ("The agreement between Nall and Malik was not made under the supervision of the Secretary of Labor, so [per Lynn's Food] it is valid only if the district court entered a 'stipulated judgment' approving it."). Lynn's Food has not been formally

adopted by the Ninth Circuit and so it does not bind this Court, though it has been cited with approval by this district. See Grewe v. Cobalt Mortg., Inc., No. C16-577JCC, 2016 WL 4014114, at *1 (W.D. Wash. July 27, 2016) ("In reviewing a proposed collective action settlement under the Fair Labor Standards Act (FLSA), a district court must determine whether the settlement represents a fair and reasonable resolution of a bona fide dispute."); see also 1 MCLAUGHLIN ON CLASS ACTIONS § 2:16 (13th ed.) (referring to Lynn's Food as a "leading case" on the question of FLSA collective action settlements).

The Court declines to follow Lynn's Food in this case, and accordingly declines plaintiffs' request to submit copies of the 135 individual settlement agreements for *in camera* review and approval. Plaintiffs remain free to dismiss their wage claims voluntarily pursuant to Fed. R. Civ. P. 41(a) in light of their individual settlement agreements.

SO ORDERED this 20th day of June, 2017.

Robert S. Lasnik
United States District Judge

ORDER ON STIPULATED MOTION FOR
APPROVAL OF SETTLEMENT AGREEMENTS - 3